CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 12, 2014

LETTER TO COUNSEL:

> RE: *Lisa Minette Cornwell v. Commissioner, Social Security Administration*;
> Civil No. SAG-13-1211

Dear Counsel:

On April 24, 2013, the Plaintiff, Lisa Minette Cornwell, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Cornwell filed her claim for benefits on August 11, 2009, alleging disability beginning on July 1, 2009. (Tr. 169-75). Her claim was denied initially on March 9, 2010, and upon reconsideration on November 18, 2010. (Tr. 66-69, 72-73). A hearing was held on September 20, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 28-63). Following the hearing, the ALJ determined that Ms. Cornwell was not disabled during the relevant time frame. (Tr. 9-27). The Appeals Council denied Ms. Cornwell's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Cornwell suffered from the severe impairments of fractures due to a June 2009 motor vehicle accident, depression, and substance abuse in reported remission. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Cornwell retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except occasionally climbing ramps or stairs (never ladders, ropes or scaffolds), balancing, stooping, kneeling, crouching and crawling; carrying out simple tasks in 2-hour increments; and adapting to simple changes in a routine work setting.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Cornwell could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 22-23).

Ms. Cornwell presents three arguments on appeal. First, she argues that the ALJ failed to include manipulative limitations in the hypothetical presented to the VE. Second, she contends that the ALJ failed to properly evaluate her mental impairment. Finally, she contests the ALJ's adverse credibility assessment. Each argument lacks merit, and is addressed in turn.

Ms. Cornwell first contends that the hypothetical presented to the VE should have included manipulative limitations, which may have precluded some sedentary jobs. Pl. Mot. 7-8. The issue is whether the ALJ's determination that no manipulative limitations were warranted was supported by substantial evidence. Notably, the ALJ relied on Ms. Cornwell's own testimony at her hearing that she is able to use her left hand to write, that she can still use both hands, and that any difficulties using her left hand have improved over time since the accident. (Tr. 34-36). Contrary to Ms. Cornwell's assertion, the ALJ did not rely on Ms. Cornwell's failure to attend multiple consultative examinations in rejecting the manipulative limitations found by Dr. Honick in early 2010.[1] (Tr. 19). Instead, the ALJ cited to Dr. Honick's relatively mild findings as to hand strength and to Ms. Cornwell's own testimony that she had only slight limitations in her use of her left hand. *Id.* The ALJ's conclusions were therefore supported by substantial evidence.

Next, Ms. Cornwell argues that the ALJ failed to properly evaluate her mental impairment. Pl. Mot. 8-9. Specifically, she contends that the ALJ (1) disregarded Dr. Grady Dale's perceived limitations to her social functioning, and (2) improperly rejected Dr. Anderson's report as a result of school records showing no special education classes. *Id.* With respect to Dr. Dale's report, Ms. Cornwell is correct that Dr. Dale checked "moderately limited" for "the ability to interact appropriately with the general public" in Section I of his opinion, (Tr. 609), and that the ALJ did not include any social limitations in her RFC assessment or her hypothetical. However, the relevant portion of a physician's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060 ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment."). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e .g., Andrews v. Astrue,* Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Moreover, the ALJ adequately addressed the limitations found in Dr. Dale's Section III functional capacity assessment. The ALJ limited Ms. Cornwell to "carrying out simple tasks in 2-hour increments[,] and adapting to simple changes in a routine work setting," (Tr. 16), which is consistent with Dr. Dale's Section III conclusions that Ms. Cornwell is "able to remember, understand and follow simple instructions" and has the ability to "navigate her social environment." (Tr. 610).

---

[1] In fact, however, as the Commissioner notes, failure to attend even a single consultative examination can result in a denial of benefits. *See* 20 C.F.R. §§ 404.1518, 416.918 ("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you . . . we may find that you are not disabled."). Ms. Cornwell missed four scheduled consultative examinations, (Tr. 18), which would constitute an independent reason for the Commissioner to deny her claim.

The ALJ also provided substantial evidence supporting her rejection of the opinion of Dr. Anderson, who examined Ms. Cornwell on a single occasion at the request of her counsel. (Tr. 12, 20). Although Dr. Anderson assessed an IQ of 60, the ALJ did not find it to be valid because the academic records did not show enrollment in special education classes and demonstrated that Ms. Cornwell had received "Bs" in several subjects and a cumulative GPA of 2.53 in the tenth grade. (Tr. 20). The ALJ also noted that Ms. Cornwell had completed the disability function report herself with some assistance, was very articulate at the hearing, and reported caring for her aunt for ten years. (Tr. 21). In light of that substantial evidence cited, it would be inappropriate for me to reweigh the evidence considered by the ALJ.

Finally, Ms. Cornwell contests the ALJ's adverse credibility finding, alleging that the ALJ made an erroneous finding regarding her claimed date of sobriety. Pl. Mot. 9-10. In fact, however, the date of sobriety was only one issue among many cited by the ALJ in support of her adverse credibility determination. The ALJ also relied on the "significant difference" between Ms. Cornwell's subjective complaints and the objective evidence and medical treatment, her failure to attend four consultative examinations without notifying the physicians of the cancellations, and her failure to report all of her daily activities, including the fact that she had cared for an aunt for ten years. (Tr. 18-19). In light of the substantial evidence cited by the ALJ to support the adverse credibility assessment, even discounting the discussion of the claimed sobriety date, remand is unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 19) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge